IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | § § | |
| **Plaintiff,** | § § | Civil Action Case No. 4:19-cv-02314 |
| **v.** | § § § § | |
| **Jeffrey Duncan        ,** | § § | |
| **Defendant** | § | ` |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
<u>MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM</u>**

Defendant files this motion to dismiss plaintiff's suit for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6).

**A. INTRODUCTION**

1. Plaintiff is Malibu Media; defendant is Jeffrey Duncan.

2. Plaintiff sued defendant for Copyright Infringement.

3. In its complaint, plaintiff did not state a claim upon which relief can be granted. Therefore, the Court should dismiss plaintiff's suit.

4. In its complaint, plaintiff alleged that Defendant intentionally and willfully used Bittorrent software to download files.

**B. ARGUMENT**

5. A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. *See Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007).

6. Plaintiff's complaint does not provide defendant with fair notice of plaintiff's claim. *Ruivo v. Wells Fargo Bank, N.A.,*, 766 F.3d 87, 90-91 (1st Cir. 2014); *Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009). A complaint that provides only labels and conclusions or a formulaic recitation of the elements is insufficient to show grounds for the plaintiff to be entitled to relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 & n.3; *Brooks*, 578 F.3d at 581.

7. Plaintiff's complaint includes the following conclusory statements***: Plaintiff identified defendant's IP Address through proven IP address geolocation technology;  Plaintiff has filed over 1,000 cases using this proven technology.*** Because these statements are merely conclusions, they are not entitled to an assumption of truth and should be disregarded. *Iqbal*, 556 U.S. at 679; *see Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

8. Plaintiff's complaint includes factual allegations that do not show a right to relief that is plausible. *Brooks*, 578 F.3d at 581-82. Specifically, plaintiffs allegations of using an IP address to locate a defendant's physical address has been rejected by several district courts.  Even if these factual allegations are assumed to be true, they do not show a right to relief that is more than mere speculation. *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678-79; *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

9. Plaintiff has no evidence showing that any defendant was the account holder for IP address 47.210.145.4 during the alleged hits stated in Exhibit A annexed to the Original Complaint. Several courts have addressed the fact that an IP address alone is insufficient to identify a defendant for copyright infringement.  *See Malibu Media v Joe Park, 2:17-cv-12107, (New Jersey 2017) (Court denied default judgment); See also Strike 3 Holdings, LLC v Doe, 351 F.supp.3d 160 (D.D. C 2018) (Court dismissed case); See also Cobbler Nevada LLC v Gonzalez, 901 F.3d 1142, 1145 (9th Cir. 2018) (Court dismissed case).*

10. Paragraph 5 and 6 the plaintiff admits to using geolocation technology to locate the defendant. The IP Address is stated in Exhibit A.  Since Plaintiff identified Defendant through its IP Address, Defendant submits that plaintiff have failed to state a claim.

11. Other courts have related plaintiff's actions to extortion.  Here defendant is disabled, retired and had a stroke.

12. Any damage suffered by plaintiff was due to conduct of third parties or the co-- defendants over whom defendants had no control, which conduct intervened and superseded any conduct or negligence of the defendant.

### C. CONCLUSION

13. Because plaintiff did not state a claim upon which relief can be granted, the Court should dismiss the suit.

Respectfully Submitted,

Dated: November 15, 2019            ___/s/Delphine James_____

                                                            Delphine James

dmjamesjd@aol.com

**Delphine James PLLC**

2616 S. Loop W. Fwy Ste: 415

Houston, TX 77054

Telephone (713) 661-4144

*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that this Motion to Dismiss was served on 11/15/2019 to all counsel of record and interested parties through the Electronic Filing System (CM/ECF).

Paul S. Beik

Beik Law Firm, PLLC

8100 Washington Ave

Suite 1000

Houston, TX  77007

T:  73-869-6975

Email: Paul@beiklaw.com

By: _/s/Delphine James_____

Delphine James