## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No. 4:19-cv-02314 |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY W. DUNCAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
### Under Rule 26(f) of the
### Federal Rules of Civil Procedure

**1.      State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

Pursuant to Fed. R. Civ. P. 26(f), a conference was held on December 3, 2019. Participants in the conference:

PAUL S. BEIK

Texas Bar No. 24054444

S.D. Tex. ID No. 642213

BEIK LAW FIRM, PLLC

8100 Washington Ave., Suite 1000

Houston, TX 77007

T: 713-869-6975

F: 713-868-2262

E-mail: paul@beiklaw.com

**ATTORNEY FOR PLAINTIFF**

DELPHINE M. JAMES

DELPHINE JAMES, PLLC

2616 South Loop West, Ste. 415

Houston, TX 77054

Telephone: (713) 661-4144

E-Mail: dmjamesjd@aol.com

**ATTORNEY FOR DEFENDANT**

**2.      List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

*See* Plaintiff's Notice of Related Cases. CM/ECF 7.

This is a BitTorrent Copyright Infringement case related to other cases filed in this District. Plaintiff respectfully suggests that the cases are related because they each involve the same Plaintiff, Malibu Media, LLC, and near identical allegations against each Defendant. In each case, Plaintiff alleges that a John Doe Defendant, initially known to Plaintiff only by his or her IP

address, directly infringed its copyrights through the BitTorrent protocol. Because each Defendant is known only by an IP address, in each case Plaintiff seeks leave to subpoena Defendant's Internet Service Provider prior to a Rule 26(f) conference in order to learn Defendant's identity so that Plaintiff may proceed with its case. While Plaintiff believes the above common factors may make the cases related, it does note that each case involves a different Defendant and the cases involve the infringement of different copyrights.

**3.      Briefly describe what this case is about.  Specify, generally, the claims, defenses and threshold issues that are or likely will be asserted by each party.**

Plaintiff has alleged that Defendant used the BitTorrent file distribution network to infringe Plaintiff's copyrights. It is Plaintiff's position that Defendant is a persistent online infringer of Plaintiff's copyrights who copied and distributed at least six (6) of Plaintiff's movies. Plaintiff filed its Complaint to permanently enjoin Defendant from directly infringing on Plaintiff's copyrighted works and for damages pursuant to 17 U.S.C. § 504-(a) and (c). Plaintiff will assert that Defendant had access to and used the relevant IP address and that the Defendant's hard drives contain traces of a BitTorrent client, torrents, and Plaintiff's works.

Defendant denies directly infringing upon Plaintiff's copyrights through the bittorrent protocol. Defendant did not upload any of defendant's copyrighted works and then redistributed. Defendant innocently used the Bittorrent software which is free open source software. Defendant submits that Plaintiff's work was placed upon the internet with their knowledge by a licensed user. There was no copyright notice that the software was not free to download.

**4.      Specify the basis of federal jurisdiction. Name the parties who disagree with the plaintiff's jurisdictional allegations and each of their reasons.**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

**5.      List anticipated additional parties that should be included in the suit and by whom they are wanted.  Specify the dates for joining the additional parties.**

Plaintiff does not currently anticipate any additional parties.  However, if Discovery shows that another individual committed the infringement, Plaintiff will seek to substitute the Defendant for the other party.

Defendant anticipate adding bittorrent software and any person in the swarm and the initial seeder of the software.

**6.      List anticipated interventions, if any.**

None.

**7.      Describe issues presented for class-action certification (Fed. R. Civ. Pro 23) or collective action conditional certification under the Fair Labor Standards Act; specify whether there will be opposition to class or conditional certification, and provide the proposed definition of the class.  If there is opposition, state generally the basis for that opposition.**

None.

**8.      State whether (a) discovery initially can be focused or targeted on information relevant to the most important issues and available from the most easily accessible sources; (b) discovery can be conducted in phases or targeted to certain issues.**

Plaintiff and Defendant do not think discovery should be initially limited or conducted in phases.

**9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.  NOTE: All disclosures of documents must be made by producing the responsive materials; merely listing the documents or sources is insufficient.**

The Parties will provide each other with their respective initial disclosures by December 20, 2019.
The Defendant request that the parties provide their respective initial disclosure documents by December 20, 2019.

**10.      Describe the proposed agreed discovery plan (to be considered in light of thorough initial disclosures as provided by Fed. R. Civ. P. 26(a)), including:**

   **a.      Production of Documents and Tangible Things: Whether there are issues pertaining to document production or inspection of documents or tangible things.  NOTE: Parties must comply with Rule 34(a) and (b), as amended eff. December 1, 2015.  Objections must be specific and production of non-objectionable material must be within the time period and in the manner specified by Rule 34(b)(2).**

   Presently, Plaintiff asserts a standing objection to production of all documents protected by the privilege against disclosure of work product and which contain communications protected from disclosure by the federal rules.  This is particularly applicable to all documents in the possession of Plaintiff's experts and investigators which were hired in anticipation of litigation.
   Defendant asserts that the documents that are in the possession of plaintiff that relates to the determination of the copyright infringement is not work product and needs to be provided in discovery.

3

b.  **Issues and any agreements concerning discovery of electronically stored information.  *See* Rules 34(a)(1)(A), (b)(1)(C), (b)(2)(D), (b)(2)(E);**

Plaintiff and Defendant will work out any issues with electronic discovery as they arise.

Presently, Plaintiff asserts a standing objection to production of all documents protected by the privilege against disclosure of work product and which contain communications protected from disclosure by the federal rules.  This is particularly applicable to all documents in the possession of Plaintiff's experts and investigators which were hired in anticipation of litigation.  Such categories of documents include, but are not limited to Defendant's request for: (a) PCAPs; (b) .torrent files; (c) computer media files that correlate to each of the .torrent files downloaded and distributed by Defendant; (d) technical reports; (e) MySQL log files; and (f) Additional Evidence of Third-Party downloads.

c.  **Interrogatories – Plaintiff: (i) when and to whom the plaintiff anticipates it may send interrogatories, (ii) whether the Rule 33(a) limit of 25 interrogatories per party should apply, and (iii) if the limits should not apply, explain why not.**

Plaintiff will send twenty-five (25) interrogatories to Defendant within sixty days after receipt of Defendant's initial disclosures.

d.  **Interrogatories – Defendant: (i) when and to whom the plaintiff anticipates it may send interrogatories, (ii) whether the Rule 33(a) limit of 25 interrogatories per party should apply, and (iii) if the limits should not apply, explain why not..**

Defendant will send twenty-five (25) interrogatories to Plaintiff within sixty days after receipt of Defendant's initial disclosures.

e.  **Depositions – Plaintiff: (i) of whom and by when the plaintiff anticipates taking oral depositions, (ii) whether the Rule 30(a)(2)(A) presumptive limit of 10 deposition per side should apply, and (iii) if the limits should not apply, explain why not;**

Plaintiff intends on taking the deposition of Defendant, all individuals with the ability to use BitTorrent who reside in Defendant's home during the period of recorded infringement, all individuals who can support or refute any of Defendant's defenses, and all other individuals listed in Defendant's discovery responses and initial disclosures.  These depositions will take place during discovery.  The sequence of these depositions has not yet been

4

determined. However, Plaintiff will exercise prudence and not conduct unwarranted discovery.  Plaintiff agrees that each party shall be limited to ten (10) depositions.

**f.     Depositions – Defendant: (i) of whom and by when the plaintiff anticipates taking oral depositions, (ii) whether the Rule 30(a)(2)(A) presumptive limit of 10 deposition per side should apply, and (iii) if the limits should not apply, explain why not;**

Defendant plans on taking deposition of Expert Witness and Plaintiff's representative that interfaced with Expert Witness.

**g.     Expert disclosures (*see* Rule 26(a)(2)(B) (expert reports)):**

**(i)     State the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party *and* whether there are likely to be experts other than on attorney's fees;**

Plaintiff will designate liability experts and provide the reports required by Rule 26(a)(2)(B) by three (3) months prior to the close of discovery. Since Plaintiff is suing for statutory damages, it does not intend on retaining a damages expert.

**(ii)     State the date experts for defendant (or party without the burden of proof on an issue) will be designated and their reports provided to opposing party *and* whether there are likely to be experts other than on attorney's fees.**

Defendant will designate responsive experts and provide their reports required by Rule 26(a)(2)(B) by thirty (30) days after Plaintiff's disclosures.

**(iii)     List expert depositions that plaintiff (or the party with the burden of proof on an issue) anticipates taking *and* their anticipated completion date; and**

Plaintiff intends on deposing all of Defendant's experts before the discovery deadline.

**(iv)     List expert depositions that defendant (or party without the burden of proof on an issue) anticipates taking *and* their anticipated completion date;**

Plaintiff intends on deposing all of Defendant's experts before the discovery deadline.

**11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree on the instant discovery plan.

**12.     Specify discovery- beyond initial disclosures- that has been served or accomplished to date.**

To date, the only discovery which has taken place is Plaintiff's subpoena to Defendant's ISP to obtain Defendant's identity.

**13.     State the date discovery can reasonably be completed (including expert discovery).**

The Parties agree that Discovery should be completed by twelve (12) months after initial disclosures.

**14.     Settlement:**

**a.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff and Defendant have had limited interactions thus far, with Plaintiff providing Defendant an offer of settlement on October 29, 2019.  To date, no response has been received from Defendant. Defendant just recently retained counsel and Plaintiff is of the position that settlement is likely attainable and will work with opposing counsel diligently.

**b.     From the attorneys' discussion with the client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

The parties are of the position that Mediation or a Settlement Conference before a Magistrate judge is suitable for the instant case.

**15.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on (a) referral of this case to a magistrate judge for pretrial proceedings, and (b) a trial before a magistrate judge.**

The parties agree to referral to a magistrate judge for purposes of discovery and potential settlement conference (if needed).  The parties do not agree on a trial before a magistrate judge.

**16.     State whether a jury demand has been made and if it was made on time.**

Plaintiff and Defendant timely made a jury demand.

17.     **Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

Plaintiff anticipates that trial may last up to 4 days which equates to 32 hours.

18.     **Motions**

a.      **List pending motions that could be ruled on at the initial pretrial and conference.**

Motion to Dismiss for Failure to State a Claim [CM/ECF 17] filed by Defendant on November 15, 2019.

b.      **List other motions pending.**
None.

19.     **Indicate other matters peculiar to this case, including but not limited to discovery issues pertaining to traditional and electronically stored information, that deserve the special attention of the court at the conference.**

 a.   **Plaintiff and Defendant propose the following claw back provision**: The parties agree to the following claw back provision: In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned or destroyed.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return or destroy all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned or destroyed document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

 b.   **The parties' positions regarding Production of Electronically Stored Information follows**:

  i.   The parties anticipate that their claims or defenses will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. The parties acknowledge that they are required to preserve relevant electronically stored information.  The parties agree that their preservation obligations arise independently in law and equity, and do not require the entry of any order preserving documents and things from destruction or alteration.

  ii.  **Plaintiff's Position.** Plaintiff's position is that Defendant must preserve, and must immediately take efforts to prevent the destruction, expiration, deletion, overwriting, concealment, or modification (even if such data would otherwise

expire, be deleted or overwritten, concealed, or modified in the normal course of business, including through the termination of user accounts) of Electronically Stored Information ("ESI") reasonably related to this litigation in Defendant's possession, custody, or control.  This includes preservation of all the following:

1) Defendant's laptops, desktops, tablets, mobile phones, external storage devices, portable hard drives, external hard drives, Network Attached Storage, USB (thumb) drives, and any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "Hard Drives").  Defendant can achieve preservation by retaining an expert to create forensically sound images of Defendant's Hard Drives or not engaging in any of the following activities: (1) deleting any data within any of Defendant's Hard Drives; (2) using data shredding, overwriting, or wiping applications; (3) defragmenting any Hard Drives; (4) re-imaging or replacing drives; (5) compressing a Hard Drive; (6) deleting internet cookies; (7) deleting browser history and favorites; (8) running any "disk clean-up" processes; (9) installing and uninstalling software on any Hard Drive; (10) updating an operating system on any Hard Drive; and/or (11) taking any actions inconsistent with Defendant's preservation obligations for electronically stored information or computer Hard Drives;

2) All contents of any third party cloud storage service such as Amazon Cloud Drive, Apple iCloud, DropBox, Google Drive, MediaFire, Mega, Microsoft SkyDrive, OneDrive, SpiderOak, and Ubuntu One; and

3) Defendant's modem and router used in his home during the period of recorded infringement.

4) All emails, notifications, or correspondence from Defendant's Internet Service Provider ("ISP") to Defendant under the ISP's Copyright Alert System ("CAS").

5) All emails, notifications, or correspondence from Defendant's Internet Service Provider to Defendant regarding a DMCA notice.

**Defendant's position.**
Defendant asserts that the computer is provided in the condition it was at the time the lawsuit was filed.  Defendant further asserts that there are many things that could have happened to the computer in a year period that is not intentional spoliation of evidence.

iii.   **Plaintiff's position.**  In discovery, Plaintiff will be requesting complete forensically sound copies of Defendant's Hard Drives.  Plaintiff's position is that the forensically sound images should be created by a computer professional or Plaintiff's expert and produced in EnCase E01 format.  It is Plaintiff's position that Defendant is responsible for the cost of duplicating the Hard Drives.  Plaintiff agrees to pay the cost of Hard Drive examination.  If examination of Defendant's Hard Drives reveals evidence of spoliation, examination may further include the restoration or recovery of deleted files or

fragments. Nothing in this plan precludes Plaintiff from an award of costs should it succeed at trial.

**Defendant's position:**

**Defendant is of the position that the plaintiff needs to pay for all of the discovery process, including copying the hard drive.**

**Plaintiff's position**. It is Plaintiff's position that Defendant should not turn on, use, or alter his computer hard drives until after a forensically sound image of each Hard Drive has been created by a computer professional and subsequently verified by Plaintiff's expert.  This prohibition should include, but is not limited to, deleting any electronically stored information; utilizing such procedures as de-fragmenting computer hard drives, deleting internet cookies, deleting browser history and favorites, running any "disk clean-up" processes; and/or taking any actions inconsistent with Defendant's preservation obligations for electronically stored information or computer hard drives.

**Defendant's position**.

**Defendant's position is that this is his computer and that he has the right to use his computer**.  The plaintiff cannot force defendant to buy new computer.

iv.    **Plaintiff's position.** Plaintiff will be producing: (a) original copies of the Infringed Works as mp4 files, and (b) copies of the copyright registration information for the Infringed Works from https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First as .pdf files.

**Defendant's position**.

**Plaintiff need to produce the hashtag files in their native format also**. Defendant asserts that plaintiff needs to produce the DHT used in the swarm so that the initial seeder can be determined.

**20.    Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

Plaintiff filed its Certificate of Interested Parties on June 27, 2019 at CM/ECF 2.  Defendant will file his Certificate of Interested Parties by December 2, 2019.

**21.    List the names, bar numbers, addresses, telephone numbers of all counsel.**

See signature blocks below.

By their signatures below, the undersigned counsel stipulate that they are authorized by their clients to give this written consent, in accordance with the provisions of  Federal Rules of Civil Procedure 5(b)(2)(E), that  service of all documents related to the above-captioned action,

including discovery, may be served on the undersigned counsel at the e-mail addresses set forth in their signature blocks below, or via facsimile to the numbers in the signature blocks below.

Dated: December 9, 2019.

Respectfully Submitted

/s/_____

PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

/s/_____

DELPHINE M. JAMES
DELPHINE JAMES, PLLC
2616 South Loop West, Ste. 415
Houston, TX. 77054
Telephone: (713) 661-4144
E-Mail: dmjamesjd@aol.com
**ATTORNEY FOR DEFENDANT**